————o————

No. 3995.

(Court of Appeal, Parish of Orleans.)

G. W. SENTELL, LIQUIDATOR, vs. CLARENCE J. WILCOX.

1. Where there has been a dispute between parties as to the exact

amount due by one to the other, and an amount first tendered is returned and a second amount is sent "in settlement" of the controversey the offer of such second amount is to be received in the nature of a compromise.

2.  Where a claim is in dispute and the debtor sends a check to the creditor for a less sum which he declares to be in settlement of such claim and such creditor retains the check and has it certified, such action on his part releases the debtor from further liability.

Appeal from Civil District Court, Division "C."

E. M. Hudson, for Plaintiff and Appellee.

E. T. Florance, for Defendant and Appellant.

DUFOUR, J.   This is a suit for a balance alleged to be due by defendant on account of certain collections made by him for plaintiff, and for the return of certain notes and evidences of claims belonging to plaintiff and held by defendant.

The circumstances leading to the controversy are as follows:

In July, 1903, the plaintiff, who resides at Bunkie in the Parish of Avoyelles, wrote as follows to defendant.
"Mr. C. J. Wilcox,

302 Camp Street, New Orleans,
Dear Sir:—I. have been receiving a few copies of "The Mercantile Adjuster" and have decided to turn over to you what claims I have of the old firm G. W. Sentell & Co.

"Some of the claims are really barred, but if properly pushed I think can be collected.   Some of the claims, of course, are easily collectible.   Please let me know exactly your charges for such collections.

Yours truly,
G. W. SENTELL."

To this, the following answer was made:
"Mr. G. W. Sentell,

Bunkie, La.,
"Dear Sir:   In response to your favor of the 9th, we beg to state usual charge on collections is 10 per cent.   Of course, where a claim is barred by the statute of limitations, it is like

504

finding money, and in those cases we are governed by the attorney who handles the case.

"We sometimes collect prescribed claims, but as a rule it is very hard work. If you entrust the claims to us, they will receive the best of attention.

Yours very truly,

"C. J. WILCOX, Manager.

The result of the correspondence was the entrust to defendants of several claims on two different occasions during the following September.

On March 22nd, 1904, Wilcox wrote to Sentell as follows:

"I am pleased to report collection of claim against W. H. Airey, including principal and interest $90.00, and hand you herewith check for $67.50 in settlement, less fee of $25.00. I beg to state for your information that our regular contract fees on claim under one year are 10 per cent, from one to three years 20 per cent, and over three years, 50 per cent, have only charged you 25 per cent on this claim, although it is nearly six years old."

Sentell returned the check and refused to allow more than 10 per cent, whereupon Wilcox wrote again defending the correctness of his charge and saying: "If you will give me any idea of what you consider right, it is possible we may agree upon terms."

To this Sentell replied, insisting that the charge should be 10 per cent only and demanding the return of his claims.

Shortly after, Wilcox sent two checks one for $72.00 for the Airey claim, the other for the Smith claim for $851. The checks on their face bear the word *"in settlement,"* and the letters accompanying them make the same statement.

Smith kept the checks and got them certified by the bank and has filed this suit for the balance on the theory that the amount sent was merely an admitted one which he may retain and still exercise his right to claim the difference.

The defences are first, that Wilcox cannot be sued personally because the contract was made with him as manager of the Mercantile Agency and next, that "the retention and certification of the checks sent by defendant to plaintiff in settlement constitute

505

a complete record and satisfaction, notwithstanding any letter written to the contrary intent by the plaintiff."

As to the first ground of defense we agree substantially with the following conclusions of the District Judge.

"The claim, for the first time clearly set up in argument, that another and not the defendant is the real party to the contract sued on and could have been made the defendant does not impress me favorably . The Court is not asked to find this as a fact from the evidence but simply to infer it from a single publication and practically to ignore many other circumstances which if they do not prove the contrary at least estop the defendant from questioning it. Thus, although plaintiff evidently thought he was dealing with defendant individually, defendant never at any time undertook to correct the erroneous impression nor as much as a single time mentioned the name of his alleged principal. When defendant signed his correspondence in an alleged representative capacity, the letter heads used were not those of a principal, but of a third party whose connection herewith does not appear. Again, the mention about attorney's fees when his alleged principal was an attorney was misleading. So also were the allegations of his answer and his failure to testify directly on this point on the witness stand or to produce his alleged principal as a witness in the cause. Finally defendant kept the funds growing out of the business done to his individual credit in bank and gave his individual check to the plaintiff in settlement of the account."

We think, however, that it was error to overrule the second ground of defense .

It is true that the law is that where in a suit a defendant deposits in Court an amount which he admits owing and which is less than the claim, but denies any liability beyond the amount of the deposit, the plaintiff may always withdraw the amount so deposited without in any way prejudicing his right to prosecute the suit for the balance of his claim. But it is also the law that where there has been a dispute between the parties as to the exact amount due and an amount first tendered, is returned, and a second amount is sent in *settlement* of the controversy, the offer of such second amount is to be viewed in the nature of a compromise.

The principle is thus stated in 1 Cyc. of law and Procedure, p. 333:

"Where, however, a sum of money is tendered is satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true, although the creditor protests at the time that the amount paid is not all that is due, or that he does not protest at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary."

And in Id. note 72, p. 333, it is said that "according to the weight of authority, where a claim is in dispute and the debtor sends or gives the creditor a check for a less sum, which he declares to be in full payment of all demands, the retention thereof by the creditor constitutes an accord and satisfaction."

In this case the giving of the checks was made on condition that they would be received in settlement and not in part payment of the disputed account; with full knowledge of that condition, Sentell kept the checks and practically converted them into money by having them certified and thus placing the amount exclusively within his control.

It was his privilege either to return the checks and sue for the whole amount, or to keep them and accept the condition; he made his choice and must abide by it.

The plaintiff is entitled to the return of the notes described in his petition without compensating defendant, who does not show any expense to him in connection with the matters and who admits that his services were of no benefit.

The judgment is amended by rejecting the plaintiff's demand for the sum of $126.45-100, and as amended it is affirmed, de-

fendant to pay costs of lower Court and plaintiff costs of appeal.

June 20th, 1906.

Rehearing refused June 29, 1906.